UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO FRANCISCO FRANCO RODRIGUEZ,

    Plaintiff,

v.

ACTING DIRECTOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, MIAMI FIELD OFFICE; SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY, ACTING ATTORNEY GENERAL, DIRECTOR U.S. IMMIGRATIONS AND CUSTOMS ENFORCEMENT, SENIOR OFFICIAL PERFORMING THE DUTIES OF; AND WARDEN FLORIDA SOFT SIDE SOUTH FACILITY,

    Defendants,
_____/

Case No. 2:26-cv-2-KCD-DNF

## ORDER

Petitioner Roberto Francisco Franco Rodriguez has filed a habeas corpus petition challenging the legality of his detention by immigration authorities. (Doc. 1.)[1] But he fears that before this Court can decide whether his detention is lawful, the government will put him on a plane to Cuba (or elsewhere). To prevent that, he has filed an Emergency Motion for Stay of

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Removal, asking this Court to hit the pause button on his deportation and preserve jurisdiction over his case. (Doc. 5.)

Petitioner's logic is understandable. Yet federal courts do not possess a general power to solve every problem or prevent every hardship. Our jurisdiction is limited, possessing only the authority that the Constitution and Congress have granted. And in this context, Congress has been anything but silent. Through the Immigration and Nationality Act (INA), Congress has explicitly stripped district courts of the power to stop the executive branch from executing a removal order. Because the INA says the Court cannot do what the Petitioner asks, his emergency motion falls short.

## I. Background

Petitioner is a native of Cuba who arrived in the United States several decades ago. Following a criminal conviction, he was placed in removal proceedings in 2001. (Doc. 1 at 7.) The government could not effectuate his return to Cuba at that time, so he was released under an Order of Supervision. (*Id.*)

For over two decades, Petitioner lived in the community under this supervision. He allegedly complied with his reporting requirements and maintained a clean record. (*Id.* at 8.) But the status quo shifted abruptly in November 2025. When Petitioner appeared for a scheduled check-in,

immigration officers took him into custody. He is currently detained at Alligator Alcatraz, in the Middle District of Florida.

Petitioner is seeking habeas relief, arguing that his detention is unlawful under the Due Process Clause. (*Id.* at 10.) But litigation takes time, and Petitioner worries he does not have much of it left. He believes the government may be preparing to deport him elsewhere, which could moot his habeas petition. So he asks this Court to intervene and stay his removal to "preserve" the proceedings here. (Doc. 5 at 1.)

## II. Discussion

The Court starts, as it must, with the text. The relevant statute, 8 U.S.C. § 1252(g), imposes a strict limit on judicial power:

> Except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

*Id.* This provision is not a total ban on all immigration claims. The Supreme Court has explained that it applies narrowly to three specific actions: commencing proceedings, adjudicating cases, and executing removal orders. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). But while the list is short, the prohibition is strong. When a claim challenges one of these three actions, the courthouse doors are closed. *Rivera-Amador v.*

3

*Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *2 (M.D. Fla. Dec. 19, 2025).

Petitioner's motion runs headlong into this provision. He asks the Court to order the government not to remove him. No matter how you slice it, an order staying removal is a challenge to the Attorney General's decision to "execute [a] removal order." 8 U.S.C. § 1252(g). The Eleventh Circuit has said as much: § 1252(g) divests district courts of subject matter jurisdiction to review challenges to the execution of removal orders, which includes a stay of any such orders. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021) (holding that § 1252(g) precluded habeas petition that sought to "stay [petitioner's] removal" pending resolution of her applications for administrative relief).

Petitioner frames his request as maintaining the "status quo" rather than challenging the removal itself. (Doc. 5 at 3.) But a label cannot change the nature of the thing. To grant the stay would be to forbid the executive from doing exactly what § 1252(g) says we cannot interfere with. "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla.

4

Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018). Because § 1252(g) removes this Court's power to act, the relief requested here is a nonstarter. *See, e.g.*, *Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

Petitioner tries to overcome the statutory blockade by invoking the All Writs Act, 28 U.S.C. § 1651. He maintains that federal courts have the inherent power to issue writs "in aid of their respective jurisdictions." (Doc. 5 at 4 (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004).) The argument goes like this: If he is deported, his habeas case regarding detention becomes moot; therefore, to save the habeas case, the Court must stop the deportation.

But Petitioner misunderstands the role of the All Writs Act. The statute is a gap-filler, not a wall-breaker. It authorizes courts to issue writs to protect jurisdiction they already possess; it does not grant jurisdiction that Congress has expressly taken away. *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1264 (11th Cir. 2021). Consequently, "[w]here a statute

5

specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.*

Here, we have exactly such a statute. Congress did not leave the question of jurisdiction over removal orders open for judicial improvisation. In § 1252(g), it specifically addressed—and specifically barred—judicial review of the execution of removal orders. Because a specific statute controls over a general one, this Court cannot use the All Writs Act to seize a power that the INA expressly denies. To hold otherwise would be to use a residual gap-filler to defeat a specific congressional command. *See, e.g.*, *Danglar v. McAleenan*, No. 418CV01789RDPJEO, 2019 WL 7167589, at *1 (N.D. Ala. Nov. 21, 2019) ("[T]his court does not have jurisdiction to entertain any application seeking review, reopening, reconsideration, or a stay of the order of removal."); *see also Oldaker v. Giles*, 724 F. Supp. 3d 1315, 1340 (M.D. Ga. 2024).

When Congress enacted § 1252(g), it made a policy choice to prioritize the finality of removal orders over the preservation of district court proceedings. The All Writs Act cannot be invoked to second-guess that choice or to pull jurisdiction out of thin air. *See Lotero-Diaz v. United States Dep't of Homeland Sec.*, No. 1:20-CV-23039, 2020 WL 7641056, at *7 (S.D. Fla. Dec. 23, 2020) ("[C]lever lawyering is not enough for this Court to disregard what is clear Congressional intent.").

6

### III. Conclusion

Petitioner is free to proceed with his habeas challenge here. But if he wishes to pause execution of his removal order, he must look elsewhere. *See Lee v. U.S. Dep't of Just.*, No. 1:24-CV-984-ELR-JSA, 2024 WL 6081682, at *1–2 (N.D. Ga. Apr. 9, 2024) ("[T]he courts of appeals are the sole and exclusive means for judicial review of a removal order[.]"). For these reasons, Petitioner's Emergency Motion for Stay of Removal (Doc. 5) is **DENIED**.

**ORDERED** in Fort Myers, Florida on January 12, 2026.

Kyle C. Dudek
United States District Judge