UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO FRANCISCO FRANCO
RODRIGUEZ,

    Plaintiff,

v.

ACTING DIRECTOR  U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT, MIAMI FIELD
OFFICE; SECRETARY  U.S.
DEPARTMENT OF HOMELAND
SECURITY, ACTING  ATTORNEY
GENERAL, DIRECTOR  U.S.
IMMIGRATIONS AND CUSTOMS
ENFORCEMENT, SENIOR
OFFICIAL PERFORMING THE
DUTIES OF; AND WARDEN
FLORIDA SOFT SIDE SOUTH
FACILITY,

    Defendants,

Case No. 2:26-cv-2-KCD-DNF

## **ORDER**

Petitioner Roberto Francisco Franco Rodriguez filed a habeas corpus petition seeking a simple and specific remedy: release from immigration detention. (Doc. 1.)[1] He argued that his confinement violated the Constitution, federal regulations, and the *Accardi* doctrine. (*Id*. at 24-28.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Yesterday, however, the factual landscape of this case changed decisively—the Government removed Rodriguez from this country. (Doc. 9 at 1.) So he is no longer in the custody of immigration officials. (*See* Doc. 9-1.) The Government now moves to deny the habeas petition as moot. (Doc. 9 at 4.)

Federal courts have limited jurisdiction. Under Article III of the Constitution, our power extends only to actual "Cases" and "Controversies." *Id.* This is not just a suggestion; it is a fundamental constraint on judicial authority. We do not issue advisory opinions or decide questions that have become academic. We resolve live disputes. *See, e.g.*, *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

The logic here is straightforward. Rodriguez asked this Court for a writ of habeas corpus to secure his release from detention. But the Government has already ended his custody by removing him from the United States. The detention he challenged is over. The remedy he sought has, in a practical sense, already been achieved—or at least, the condition he sought to escape no longer exists. This moots the habeas petition. *Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022); *see also Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019) ("As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody.").

To be sure, there are exceptions to the mootness doctrine. A case may survive if a petitioner suffers from collateral consequences of the detention—some concrete injury that persists even after release. But Rodriguez's habeas petition challenged only his detention, not the validity of his removal order or anything else. Rodriguez has not shown (or even argued) any continuing injury from his prior detention that this Court can now remedy. *See Djadju*, 32 F.4th at 1107 ("So where a habeas petitioner has been released from detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

There is also an exception for cases that are "capable of repetition, yet evading review." *Al Najjar*, 273 F.3d at 1339. This applies only in "exceptional situations" where there is a "demonstrated probability" that the same controversy will happen again to the same person. *Id.* That is not the case here. To find otherwise, the Court would have to assume that Rodriguez will return to the United States and again be detained. That is simply too remote a possibility to sustain federal jurisdiction. *See, e.g.*, *Mehmood v. United States Att'y Gen.*, 808 F. App'x 911, 913 (11th Cir. 2020); *Kerbay v. Sessions*, No. 17-21055-CIV, 2017 WL 11697007, at *1 (S.D. Fla. May 2, 2017).

Rodriguez is no longer in custody. That fact resolves the matter. There is no live controversy left to adjudicate, and the Court is powerless to grant relief for a detention that has already ended. *See Zapeta v. Exec. Dir. of the Fla. Div. of Emergency Mgmt.*, No. 2:25-CV-00697-JLB-KCD, 2025 WL 2432501, at *3 (M.D. Fla. Aug. 22, 2025). Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) is thus **DENIED** as moot. The Clerk is **DIRECTED** to terminate all deadlines, deny any pending motions, and close the case.

**ORDERED** in Fort Myers, Florida on January 27, 2026.

Kyle C. Dudek
United States District Judge