UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO FRANCISCO FRANCO
RODRIGUEZ,

        Petitioner,

    v.

ACTING DIRECTOR  U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT, MIAMI FIELD
OFFICE, *et al.*,

        Respondents.

Case No. 2:26-cv-2-KCD-DNF

_____/

## <u>ORDER</u>

A few months ago, the Court handed Petitioner Roberto Francisco Franco Rodriguez a partial victory in his habeas corpus challenge to his ongoing immigration detention. (Doc. 19.)[1] The Government was ordered to provide Rodriguez with the informal interview required by 8 C.F.R. § 241.13(i)(3). (*Id.* at 21.)

Rodriguez has now returned with a three-track grievance. (Doc. 22.) First, he asks the Court to reconsider and vacate its prior ruling under Federal Rule of Civil Procedure 60(b). He argues that subsequent factual developments—namely, that his expected deportation to Cuba fell through— have undercut the Court's decision. (*Id.* at 1-4.) Second, he revives his

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

challenge to his placement at Alligator Alcatraz, arguing that because the Government transferred him back to the facility, his claims are no longer moot and the core authority to hold him there remains legally flawed. Third, he claims the Government failed to comply with the directive to give him an interview. (*Id.* at 5-10.) These issues are addressed in turn.

Rodriguez's argument under Rule 60(b) is that because his scheduled removal flight to Cuba was canceled, the factual foundation of the Court's decision to order an interview instead of his release has collapsed. For starters, the Court's ruling was not contingent on the repatriation flight. The order recognized a simple rule of habeas jurisprudence: a procedural foul calls for a procedural fix, not a get-out-of-jail-free card. Because the governing regulations entitled Rodriguez to a prompt informal interview, that interview—and nothing more—was his remedy. (*See* Doc. 19 at 13-14.) The cancellation of a specific flight does not magically transform a right to be heard into automatic release.

More broadly, Rule 60(b) is not a vehicle designed to retroactively rewrite a judgment based on downstream factual developments. *See, e.g.,* *Hyde v. Franklin Am. Mortg. Co.,* No. 4:18-CV-04113-KES, 2021 WL 1864032, at *2 (D.S.D. May 10, 2021). The fact that a removal flight failed to take off weeks after the judgment is an entirely new development, not an existing historical fact that the parties or the Court somehow missed. The

Court addressed Rodriguez's habeas petition on the facts as they then existed. If the diplomatic landscape has shifted and Rodriguez believes his continued custody has since crossed a constitutional line, he can file a new habeas petition. He cannot use Rule 60(b) to turn a closed case into a rolling, perpetual judicial review of his immigration detention. *See, e.g.*, *Henry v. United States*, No. 18 C 2230, 2022 WL 45029, at *8 (N.D. Ill. Jan. 5, 2022). Because Rodriguez has not shown that the Court's "judgment rests upon a defective foundation," his request for relief under Rule 60(b) must be denied. *Brinklys v. Duke*, No. 3:14-CV-1211-J-34MCR, 2017 WL 3521744, at *6 (M.D. Fla. Aug. 16, 2017).

Rodriguez's argument targeting Alligator Alcatraz fares no better. Even if he is right, and the facility is operating outside the law, that fact would not entitle him to the relief sought in the habeas petition—release from ICE custody. "A challenge to the conditions of confinement does not suddenly invalidate the legal basis for that confinement. If a detention center is sub-par or operated unlawfully, the proper judicial remedy is to order the government to fix the facility or to transfer the detainee to one that passes muster. The Court declines to use a facility defect as an excuse to simply unlock the gates and let an individual with a final, executable removal order walk free." *Fernandez Del Pino v. Warden of Alligator Alcatraz*, No. 2:26-CV-377-KCD-NPM, 2026 WL 820476, at *5 (M.D. Fla. Mar. 25, 2026).

Perhaps recognizing this legal dead end, Rodriguez now asks for an alternative consolation prize: a court-ordered provisional transfer to the Krome North Service Processing Center. (Doc. 22 at 4.) That new request fails on arrival. First, Rodriguez never sought a facility transfer in his original habeas petition. A post-judgment motion under Rule 60 is not a vehicle to retroactively inject brand-new demands for relief. *See, e.g.*, *Kalani v. Starbucks Corp.*, No. 13-CV-00734-LHK, 2016 WL 355483, at *4 (N.D. Cal. Jan. 29, 2016). Second, and equally preclusive, the Court will not order such relief. *See, e.g.*, *Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025).

Turning to his final claim, Rodriguez argues that the Government failed to provide him with an informal interview. He does not deny that an interview took place. Rather, he maintains it was "superficial" and "occurred standing in the area by the door to the cell, without a table, private setting, or any environment conducive to meaningful discussion." (Doc. 22 at 7-8.)

The administrative records from the Government, which are entitled to a presumption of regularity that has not been rebutted, demonstrate that Rodriguez received the process he was due. (Docs. 24-2, 24-3, 24-4.) Rodriguez faults the Government for omitting a six-part checklist of sophisticated legal procedures. (Doc. 22 at 6-7.) But he is looking for requirements that simply do not exist in the law. The governing regulation, 8 C.F.R. § 241.13(i)(3), does

not mandate a mini-trial, a corporate conference room, a mahogany table, or a formal document exchange. It requires exactly what the name implies: an *informal interview* to give the noncitizen notice of the revocation and an opportunity to respond.

By all accounts, Rodriguez received that level of process. On March 26, 2026, Deportation Officer Anthony Lima approached Rodriguez at his cell, served him with a notice of revocation, explained the process, and gave him the floor. Rodriguez then responded that "ICE already tried to send me to Mexico before and was not able to." (Doc. 22-2.) The officer listened, documented the interaction, and when Rodriguez was asked to sign the paperwork, he chose to stand mute and refused to do anything without an attorney present. (*See* Doc. 24-4, Doc. 22 at 7-8.) That is the very definition of an informal interview. The Government gave Rodriguez the conversational opening the regulations require. The fact that he chose to shut down the dialogue and withhold written evidence does not mean the opportunity wasn't provided. Because the Government seemingly complied with § 241.13(i)(3) as written, Rodriguez's request to enforce the judgment is also denied.

For these reasons, Rodriguez's Motion to Enforce Judgment and Related Relief (Doc. 22) is **DENIED**.

5

**ORDERED** in Fort Myers, Florida on June 25, 2026.

Kyle C. Dudek
United States District Judge